# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4871 | **DATE** | 9/4/2008 |
| **CASE TITLE** |  | John E. Taylor, Jr. (R-66376) v. Couture, et al. | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $14.80 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Menard Correctional Center. Cermak Health Care Services is dismissed from this action. The Clerk shall issue summonses to Defendants Dr. Eileen Couture and Dr. Ann Marie Dunlap and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. No summonses shall issue for the John Doe Defendants until their identities are known. Plaintiff's motion for appointment of counsel [4] is denied without prejudice.

■[**For further details see text below.**]    Docketing to mail notices.

## STATEMENT

    Plaintiff, John E. Taylor, Jr., presently an inmate at Menard Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants violated his constitutional rights by being deliberately indifferent to his serious medical needs and by retaliating against him after he filed a complaint regarding his medical care.

    Plaintiff's petition for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $14.80. The trust fund officer at Plaintiff's place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Clerk shall send a copy of this order to the trust fund officer at the Kane County Correctional Facility.

    Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Plaintiff alleges that the Defendants were deliberately indifferent to his serious medical needs when they repeatedly refused to give him medication when he went to court or to Stroger's Hospital Clinic. He further alleges that Defendant Dr. Ann Marie Dunlap retaliated against him by arbitrarily

JJD

| STATEMENT  (continued) |
|---|

decreasing his pain medication after Dr. Dunlap learned that Plaintiff had filed a complaint regarding his medical care. While a more fully developed record may belie Plaintiff's allegations, at this stage of the litigation, the named Defendants must respond to the complaint. However, Cermak Health Care Services is dismissed from this action because it is not a suable entity. *See  Glass v. Fairman*, 992 F. Supp. 1040, 1043 (N.D. Ill. 1998).

The Clerk shall issue summonses for service of the complaint on Defendants Dr. Eileen Couture and Dr. Ann Marie Dunlap.  Service shall not issue for the John Doe Defendants.  Service cannot be accomplished on these Defendants until their identities are known.  Plaintiff may seek to substitute the actual names of these Defendants, if and when he learns their identities.  The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve the Defendants.  Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process.  The U.S. Marshal is directed to make all reasonable efforts to serve Defendants.  With respect to any former Cermak Health Care Services employee who can no longer be found at the work address provided by Plaintiff, Cermak Health Care Services shall furnish the Marshal with Defendant's last-known address.  The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal.  Address information shall not be maintained in the court file, nor disclosed by the Marshal.  The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent.  Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed.  In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants].  Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing.  Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion for appointment of counsel is denied.  Civil litigants do not have a constitutional or statutory right to counsel.  *See Johnson v.* Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006).  Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel."  *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997).  In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)).  If so, the Court must consider:  (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case.  *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering these factors, the Court concludes that appointment of counsel is not warranted. While Plaintiff indicates that he has attempted to obtain *pro bono* counsel, he has not alleged a physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff's case, at the present time, does not involve complex issues, complex  discovery, or an evidentiary hearing.  In addition, the Court grants *pro se* litigants wide latitude in the handling of their lawsuits.  Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice.